UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**WILFRED L. ANDERSON, M.D.,**

    **Plaintiff,**

  v.                              Civil Action 2:25-cv-1325
                                       Judge Michael H. Watson
**STATE OF OHIO,** *et al.*,           Magistrate Judge Chelsey M. Vascura

    **Defendants.**

### ORDER and REPORT AND RECOMMENDATION

Plaintiff, Wilfred L. Anderson, M.D., an Ohio resident proceeding without the assistance of counsel, sues the State of Ohio and the Ohio State Medical Board under 42 U.S.C. § 1983 for enforcing an allegedly void *ab initio* 1997 state-court conviction. Plaintiff has submitted a request to file a civil action *in forma pauperis*. (ECF No. 1.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

This matter is also before the Court on Plaintiff's Motion by Pro Se Litigant to Obtain Electronic Case Filing Rights (ECF No. 2). For good cause shown, the Motion (ECF No. 2) is **GRANTED** to the extent that Plaintiff may participate in e-filing only as to this particular case and conditional on his compliance with all applicable e-filing requirements. If he has not already done so, Plaintiff is **DIRECTED** to create a PACER account, and then complete the electronic filing registration for the Southern District of Ohio, as explained at https://pacer.uscourts.gov/register-account/non-attorney-filers-cmecf.

Plaintiff is **REMINDED** that failure to adhere to all applicable e-filing requirements will likely result in the revocation of permission to participate in e-filing. Plaintiff is specifically **CAUTIONED** that failure to update his email address and monitor his email account (including his "junk mail" or spam folder) for court filings may result in the Court's dismissal of the action. *Cf. Yeschick v. Mineta*, 675 F.3d 622, 630 (6th Cir. 2012) (affirming district court's denial of motion for relief from judgment where counsel's neglect in failing to check docket until more than a month after he learned that he was not receiving notice of electronic filings because he failed to update his email address on file with the district court); *Equal Emp't Opportunity Comm'n v. Indi's Fast Food Rest., Inc.*, No. 3:15-cv-00590, 2016 WL 7473130, at *6 (W.D. Ky. Dec. 28, 2016) (noting that defense counsel represented that "he did not receive any Court-related notices or emails because they were all sent to his 'junk mail' folder" and finding that "[d]efense counsel's non-receipt of emails does not relieve his responsibility to monitor the Court's docket and keep apprised of developments within his active cases, which he failed to do here"). Plaintiff is further **CAUTIONED** that his electronic filing access may be revoked at any time.

This matter is also before the Court for the initial screen of Plaintiff's Complaint (ECF No. 1-1) under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons below, the undersigned **RECOMMENDS** that the Court **DISMISS** this action under § 1915(e)(2)(B) for lack of subject-matter jurisdiction.

I. STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e), the federal *in forma pauperis* statute, Courts must *sua sponte* dismiss an action upon determining that an *in forma pauperis* complaint fails to state a claim on which relief can be granted. Thus, a typical initial screen involves consideration of the merits of the claims asserted. In this case, however, upon review of Plaintiff's Complaint, the undersigned determines that it is unnecessary to consider the merits of some of the claims he advances because this Court lacks subject-matter jurisdiction to hear such claims. When the face of the complaint provides no basis for federal jurisdiction, the Court may dismiss an action as frivolous and for lack of subject-matter jurisdiction under both 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3). *Williams v. Cincy Urb. Apts.*, No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

II. ANALYSIS

Plaintiff alleges that in 1997, he was convicted of a misdemeanor offense in the Court of Common Pleas for Cuyahoga County, Ohio. Plaintiff further alleges that this conviction was "jurisdictionally void *ab initio* because the mandatory two-year statute of limitations (SOL) had expired well before the commencement of prosecution." (Compl. ¶ 2, ECF No. 1-1.) The conviction led to the permanent revocation of Plaintiff's medical license. Plaintiff alleges he suffered catastrophic personal and financial harm, which was compounded by the state courts' arbitrary refusal to recognize and correct the void judgment. Plaintiff seeks declaratory and injunctive relief against the State of Ohio and the Ohio State Medical Board.

Plaintiff's claims are barred by the doctrine of sovereign immunity. The Eleventh Amendment operates as a bar to federal-court jurisdiction when a private citizen sues a state or its instrumentalities unless the state has given express consent. *Pennhurst St. Sch. & Hosp. v.*

*Halderman*, 465 U.S. 89, 100 (1983); *Lawson v. Shelby Cty.*, 211 F.3d 331, 334 (6th Cir. 2000). "There are three exceptions to sovereign immunity: (1) when the state has waived immunity by consenting to the suit, (2) when Congress has expressly abrogated the states' sovereign immunity, and (3) when the doctrine set forth in *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), applies." *Boler v. Earley*, 865 F.3d 391, 410 (6th Cir. 2017) (citation omitted). None of these exceptions apply to Plaintiff's Complaint. First, "Ohio has not waived sovereign immunity in federal court." *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999). Second, "Section 1983 does not abrogate Eleventh Amendment immunity." *Boler*, 865 F.3d at 410 (citing *Will*, 491 U.S. at 66). Third, the *Ex Parte Young* doctrine applies only when a plaintiff brings "claims for prospective relief against state officials sued in their official capacity to prevent future federal constitutional or statutory violations." *Boler*, 865 F.3d at 412. But Plaintiff sues only the State of Ohio and the Ohio State Medical Board, not any state officials. Accordingly, no exception to sovereign immunity applies and Plaintiff's Complaint must be dismissed.

Even if Plaintiff were to amend his Complaint to sue a state official in his or her official capacity for prospective relief, thus triggering the *Ex Parte Young* exception to sovereign immunity, Plaintiff's claims would still be barred by the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Tr. Co.,* 263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476 (1983). "The *Rooker-Feldman* doctrine embodies the notion that appellate review of state-court decisions and the validity of state judicial proceedings is limited to the Supreme Court under 28 U.S.C. § 1257, and thus that federal district courts lack jurisdiction to review such matters." *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). The *Rooker-Feldman* doctrine applies to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting

4

district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Ind. Corp.*, 544 U.S. 280, 284 (2005). "The pertinent question in determining whether a federal district court is precluded under the *Rooker-Feldman* doctrine from exercising subject-matter jurisdiction over a claim is whether the source of the injury upon which plaintiff bases his federal claim is the state court judgment." *In re Cook*, 551 F.3d at 548 (cleaned up). Because Plaintiff's injury stems from the entry of his misdemeanor conviction, which was entered by a state court, this Court lacks jurisdiction over Plaintiff's claims for declaratory and injunctive relief.

The undersigned is not persuaded by Plaintiff's argument that *Rooker-Feldman* does not apply because "the judgment was procured by governmental fraud upon the court and resulting constitutional rights violations." (Compl. ¶ 17, ECF No. 1-1) (citing *In re Sun Valley Foods Co.,* 801 F.2d 186, 189 (6th Cir. 1986). Plaintiff is correct that the United States Court of Appeals for the Sixth Circuit has held that **"a federal court 'may entertain a collateral attack on a state court judgment which is alleged to have been procured through fraud, deception, accident, or mistake.'"** *Sun Valley Foods,* 801 F.2d at 189 (6th Cir.1986) (quoting *Resolute Ins. Co. v. North Carolina,* 397 F.2d 586, 589 (4th Cir.1968)). However, this exception requires a finding that "the state-court winner deceived the Court into a wrong decree." *Int'l Christian Music Ministry Inc. v. Ocwen Fed. Bank, FSB*, 289 F. App'x 63, 65 (6th Cir. 2008) (cleaned up) (citing *Sun Valley Foods* at 189). Here, Plaintiff alleges that a non-party investigator of the Ohio State Medical Board failed to disclose a serious conflict of interest until after her investigation of Plaintiff's alleged misconduct. But Plaintiff *also* alleges that this conflict of interest was eventually disclosed, that the Medical Board's hearing examiner concluded that the investigator's misconduct "had no bearing on the case," and that this conclusion "was part of the record during the subsequent 1998 Common Pleas Appeal." (Compl. ¶¶ 26–36, ECF No. 1-1.) Thus, Plaintiff

5

already attempted to appeal his conviction in state court, the state court was aware of the conflict of interest by the investigator, and the state court nevertheless declined to overturn Plaintiff's conviction. It therefore cannot be said that "the state-court winner deceived the Court into a wrong decree" as required to invoke the *Sun Valley Foods* exception to the *Rooker-Feldman* doctrine.

### III. DISPOSITION

Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is **GRANTED**. Plaintiff's Motion by Pro Se Litigant to Obtain Electronic Case Filing Rights (ECF No. 2) is **GRANTED**. For the reasons above, the undersigned **RECOMMENDS** that the Court **DISMISS** this action under § 1915(e)(2)(B) for lack of subject-matter jurisdiction

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of

the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.

                                                /s/ *Chelsey M. Vascura*
                                                CHELSEY M. VASCURA
                                                UNITED STATES MAGISTRATE JUDGE