# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

Wilfred L. Anderson, M.D.,

     **Plaintiff,**

     **v.**

**State of Ohio,** *et al.,*

     **Defendants.**

**Case No. 2:25-cv-1325**

**Judge Michael H. Watson**

**Magistrate Judge Vascura**

## OPINION AND ORDER

Wilfred L. Anderson, M.D. ("Plaintiff"), proceeding without the assistance of counsel, sues the State of Ohio and the Ohio State Medical Board under 42 U.S.C. § 1983. Compl., ECF No. 4.

According to the Complaint, Plaintiff was convicted of a misdemeanor in 1997 in the Cuyahoga County Court of Common Pleas. Compl. ¶ 2, ECF No. 4. Plaintiff appealed the conviction in the Ohio courts to no avail. *Id.* ¶ 5. The conviction led to the revocation of Plaintiff's medical license in 1998. *Id.* ¶ 4.

The Magistrate Judge performed an initial screen of the Complaint pursuant to 28 U.S.C. § 1915(e)(2) and issued a Report and Recommendation ("R&R"), recommending that the Court dismiss the Complaint for lack of subject-matter jurisdiction. R&R, ECF No. 3. Specifically, the R&R concludes that the State of Ohio and the Ohio State Medical Board are entitled to sovereign immunity and that the claims are barred by the *Rooker-Feldman* doctrine. *Id.* (citing *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)).

Plaintiff objects to the R&R. Obj., ECF No. 5.

Pursuant to Federal Rule of Civil Procedure 72(b), the Court reviews *de novo* those portions of the R&R to which Plaintiff objects. Fed. R. Civ. P. 72(b)(3). The Court can accept, reject, or modify the recommendation; receive further evidence; or return the matter to the Magistrate Judge. *Id.*

On objection, Plaintiff contends that the *Rooker-Feldman* doctrine cannot bar his § 1983 claims because the underlying state-court conviction was "a legal nullity and thus incapable of triggering a jurisdictional bar." Obj. 1, ECF No. 5. Further, Plaintiff argues that the "fraud on the court" exception to the *Rooker-Feldman* doctrine applies here. *Id.* at 3. Plaintiff ends by requesting the opportunity to amend his Complaint to sue officials, in their official capacities, for prospective injunctive relief. *Id.* at 4.

Problems pervade Plaintiff's Complaint and require dismissal; his objections are meritless.

First, Plaintiff sues only the State and an agency of the State. Compl., ECF No. 4. Both the State of Ohio and the Ohio State Medical Board are entitled to sovereign immunity on Plaintiff's § 1983 claims, whether for injunctive relief or monetary damages. *E.g.*, U.S. Const. amend. XI; *Begun v. Ohio State Med. Bd.*, No. 88-3845, 1989 WL 34047, at *1 (6th Cir. Mar. 29, 1989) (concluding that the Ohio State Medical Board was a state agency entitled to sovereign immunity).

In apparent concession of this point, Plaintiff seeks leave to amend the Complaint to sue certain officials, in their official capacities, for prospective injunctive relief, invoking the *Ex parte Young* exception to sovereign immunity. Obj. 4, ECF

No. 5; *see Ex parte Young*, 209 U.S. 123 (1908). Leave to amend is **DENIED**, however, because amendment would be futile.

Amendment clearly would not save Plaintiff's claims for money damages. *See* Compl. at Prayer for Relief, ECF No. 4 (seeking "compensatory damages, exemplary and punitive damages, costs, and any other relief the Court deems just and equitable"). And to the extent expungement of his conviction could be characterized as prospective relief, those claims are barred by other, independent factors. *But see Spencer v. Gasper*, No. 1:21-cv-653, 2022 WL 883893, at *1 (W.D. Mich. Mar. 25, 2022) ("Although Plaintiff says that he seeks only prospective relief as to the effect, he is really seeking retrospective relief to invalidate his prior conviction.").

First, despite Plaintiff's protestations to the contrary, his claims are barred by the *Rooker-Feldman* doctrine, as the crux of his argument is that the state court lacked subject-matter jurisdiction over his criminal case (or that other prosecutorial misconduct or ineffective assistance of counsel invalidates his conviction) and that this Court should vacate the conviction. Compl. at Prayer for Relief, ECF No. 4; *see Doe v. Nessel*, No. 23-2097, 2025 WL 1707689, at *2 (6th Cir. Feb. 4, 2025) ("To the extent Brown asks to undo the state court's judgment of conviction in his criminal case, *Rooker-Feldman* bars his federal claims."); *Kerr v. Pollex*, No. 22-3993, 2023 WL 8358798, at *3 (6th Cir. Aug. 11, 2023) ("Because Kerr sought to challenge state-court judgments rendered before he filed the current action, the *Rooker-Feldman* doctrine barred the district court from exercising jurisdiction over his claims seeking a declaration that his state-court criminal judgments were void ab initio.").

He is not simply seeking to hold a party liable for fraud without disturbing the state-court judgment; his goal is to invalidate the state-court judgment. This renders Plaintiff's claims precisely within the *Rooker-Feldman* doctrine.

Moreover, his claims are *Heck*[1] barred because, if meritorious, they would directly undermine the validity of his conviction. *E.g., Nessel*, 2025 WL 1707689, at *2 ("Brown's § 1983 claims, to the extent they can be deciphered, are premised on the alleged illegality of his prosecution and conviction . . . . Success on these claims would necessarily imply the invalidity of his conviction." (internal quotation marks and citation omitted)); *Kerr*, 2023 WL 8358798, at *3 ("Kerr attacks the validity of his state-court criminal judgments, and he does not allege that they have been reversed, expunged, declared invalid by a state tribunal, or called into question in a federal writ of habeas corpus."); *Gasper*, 2022 WL 883893, at *2 ("Regardless of how Plaintiff phrases his legal claims in this case, the remedy that he seeks is to have this Court invalidate his 2001 conviction and/or necessarily imply that the . . . conviction was wrongful. This requested relief is barred by *Heck*." (internal quotation marks and citation omitted)). And this cannot be the lawsuit that declares Petitioner's conviction invalid (i.e., removes the *Heck* bar) because "claims for injunctive relief challenging the fact of a conviction fall within the core of habeas corpus and are thus not cognizable when brought pursuant to § 1983." *Smith v. Lincoln*, No. 24-1035, 2024 WL 5338140, at *1 (6th Cir. Sept. 18, 2024) (internal quotation marks and citation omitted).

---

[1] *Heck v. Humphrey*, 512 U.S. 477 (1994).

Finally, to the extent sovereign immunity, *Rooker-Feldman*, or *Heck* would not bar any proposed claims, the statute of limitations would almost certainly bar them, as the latest date mentioned in the Complaint is 1998. *E.g., Rasawehr v. Grey*, No. 24-3322, 2025 WL 1639164, at *2 (6th Cir. June 10, 2025) ("There is a two-year statute of limitations for § 1983 claims in Ohio.  The limitations period begins to run when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred." (internal quotation marks and citations omitted)).  Plaintiff's Complaint indicates that he knew about all pertinent actions by 1998, and he offers no explanation for the nearly thirty-year delay in bringing suit.

Accordingly, Plaintiff's objections are **OVERRULED**, and leave to amend is **DENIED**.  The Court **ADOPTS** the R&R and **DISMISSES WITHOUT PREJUDICE** the Complaint.  The Clerk shall **TERMINATE** this case.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**